**2**

**D.A.D., Respondent,**

**v.**

**J.B.D., Appellant.**

**No. ED 79357.**

Missouri Court of Appeals, Eastern District, Division Two.

March 5, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 23, 2002.

Application for Transfer Denied Aug. 27, 2002.

---

Larry D. Coleman, U.S.Dist. Court of Kansas, Raytown, MO, for appellant.

Marjorie K. Carter, Clayton, MO, for Guardian Ad Litem.

Susan M. Hais, Clayton, MO, for respondent.

Before GEORGE W. DRAPER III, P.J., MARY R. RUSSELL, J., and MARY K. HOFF, J.

PER CURIAM.

J.B.D. ("Wife") appeals from a judgment entered by the Circuit Court of St. Louis County dissolving her marriage to D.A.D. ("Husband"). She alleges the trial court erred in denying her motion for findings of fact and conclusions of law and in dividing the marital property equally between the parties. Because Wife's after-trial motion was not timely filed, it rendered the filing of her notice of appeal untimely. We, therefore, dismiss the appeal for lack of appellate jurisdiction.

On November 15, 2000, the trial court entered a judgment dissolving the marriage of the parties. Wife filed her motion to amend or modify the judgment and, alternatively, for a new trial on January 18, 2001. The motion having not been ruled upon within 90 days, Wife filed her notice of appeal on March 19, 2001.

We note that Wife failed to include in the legal file a file-stamped copy of her motion to amend or modify the judgment and, alternatively, for a new trial. Rule 81.12(a) states that the legal file should always include motions and orders filed after the judgment together with their respective dates of filing or entry of record. The minutes of proceedings as well as a certified copy of the motion obtained from the St. Louis County Circuit Court reflect a file-stamped date of January 18, 2001.

■ Although neither party raises the issue of whether this appeal was timely filed, it is our duty to address the question of appellate jurisdiction *sua sponte.* *Griffin v. Griffin,* 982 S.W.2d 788, 788 (Mo. App.1998). Timely filing of a notice of appeal is a jurisdictional requirement. *Id.* Therefore, if the notice of appeal is untimely, we are without jurisdiction to entertain the appeal and must dismiss. *Id.*

Rule 81.04(a) provides that the notice of appeal must be filed no later than 10 days after the judgment becomes final. Finality of the judgment is affected by the filing of authorized after-trial motions. Pursuant to Rule 81.05(a)(1), "A judgment becomes final at the expiration of 30 days after its entry if no timely authorized after-trial motion is filed." If an authorized after-trial motion is timely filed, the judgment becomes final at the earlier of:

(A) Ninety days from the date the last timely motion was filed, on which date all motions not ruled shall be deemed overruled; or

(B) If all motions have been ruled, then the date of ruling of the last motion to be ruled or 30 days after entry of judgment, whichever is later.

Rule 81.05(a)(2).

In order for Wife to receive the benefit of the extensions of time to file her notice

**4**

of appeal provided in Rule 81.05(a)(2), she must timely file an authorized after-trial motion. There is no dispute that Wife's motion to amend or modify the judgment and, alternatively, for a new trial, is an authorized after-trial motion. Wife's motion, however, was not timely filed.

Motions for new trial or to amend the judgment must be filed no later than 30 days after entry of judgment. Rule 78.04. The trial court entered its judgment on November 15, 2000. Wife's after-trial motion was filed on January 18, 2001, more than 30 days after entry of judgment.

Because Wife's after-trial motion was not timely filed, Rule 81.05(a)(1) applies and the judgment in this case became final 30 days after its entry, on December 15, 2000. The notice of appeal was due on December 26, 2000, but was not filed until March 19, 2001. We, therefore, have no jurisdiction to entertain this appeal.

Appeal dismissed.